UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: _____

VANTAGE HOSPITALITY
GROUP, INC., a Florida corporation,

    Plaintiff,

v.

D.J. DESAI and FLORENCE 95
INVESTMENTS, LP, a South Carolina limited
partnership;

    Defendants.
_____/

**COMPLAINT FOR COMPENSATORY DAMAGES, TREBLE DAMAGES, INJUNCTIVE RELIEF, AND ATTORNEY FEES**

Plaintiff, VANTAGE HOSPITALITY GROUP, INC. ("Vantage"), through their attorneys file this Complaint against Defendant FLORENCE 95 INVESTMENTS, LP ("Defendant FLORENCE"), and D.J. DESAI ("Defendant DESAI") (jointly "Defendants"), and state:

**INTRODUCTION**

1.    This action arises from Defendants' infringement and counterfeiting of Plaintiff Vantage's registered COUNTRY HEARTH INN service marks. In this action, Plaintiff seeks compensatory damages, treble damages, injunctive relief and attorneys' fees against Defendants for violations of the federal Lanham Act (Counts I, II and III).

**JURISDICTION AND VENUE**

2.    This Court has subject matter jurisdiction of this action pursuant to 15 U.S.C. §§ 1114, 1116, 1117, 1118, and 1121; 28 U.S.C. § 1331; and 28 U.S.C. §§ 1338(a) and 1367,

because this case involves a federal question arising under the Lanham Act, 15 U.S.C. § 1051, et seq.

3. Personal jurisdiction and venue are proper in this Court because: (a) upon information and belief, Defendants reside in this District, as that term is defined in 28 U.S.C. § 1391(c), because Defendants promote and market the services of Defendant FLORENCE in this District (including by operating a website available in this District) in violation of the Lanham Act and thereby are subject to personal jurisdiction in this District, 28 U.S.C. § 1391(b)(1); and (b) Plaintiff is situated in this District, and is being harmed in this District by the infringing conduct of Defendants, 28 U.S.C. § 1391(b)(2).

## PARTIES

4. Plaintiff Vantage is a corporation organized under the laws of the State of Florida, having its principal place of business at 3300 N. University Drive, Suite 500, Coral Springs, Florida 33065.

5. Defendant FLORENCE is a limited partnership organized and doing business under the laws of the State of South Carolina, having its principal place of business at 831 South Irby Street, Florence, South Carolina 29501.

6. Defendant DESAI is the manager of Defendant FLORENCE, and is directly responsible for causing Defendant FLORENCE to engage in the infringing activities set forth in Counts I, II and III.

## PLAINTIFF'S RIGHTS IN THE MARKS

7. Plaintiff Vantage owns the following U.S. Service Mark Registrations:

| Registration Number | Mark | Services |
|---|---|---|
| 1,393,558 | [CountryHearth INN logo] | Motel Services |
| 2,724,061 | COUNTRY HEARTH SUITES | Temporary accommodations, namely, hotel and motel services. |
| 2,724,062 | COUNTRY HEARTH INN & SUITES | Temporary accommodations, namely, hotel and motel services. |
| 2,724,063 | COUNTRY HEARTH INN | Temporary accommodations, namely, hotel and motel services. |
| 3,488,181 | COUNTRY HEARTH INNS | Hotel and motel services. |
| 3,488,182 | COUNTRY HEARTH INNS & SUITES | Hotel and motel services. |
| 3,488,185 | [CountryHearth INN logo] | Hotel and motel services. |
| 3,488,187 | [CountryHearth Inn & Suites logo] | Hotel and motel services. |
| 3,488,189 | [CountryHearth Suites logo] | Hotel and motel services. |

Collectively, the above marks comprise the "Marks." (*See* U.S. Registration Certificates for the Marks, Attached hereto as "Composite Exhibit A").

8. Plaintiff Vantage is the owner of all rights in and to the Marks. Plaintiff Vantage, by itself and through its predecessor, has used the Marks continuously in interstate commerce from at least as early as May 30, 1984 in connection with various hospitality services, including,

3

but not limited to, hotel and motel services, and the Marks continue in use today to identify such services.

9. Plaintiff Vantage advertises and sells its hospitality services under the Marks throughout the United States, including, but not limited to, Florida and this District. Because of the long and continuous use of the Marks in commerce, including advertising and provision of services under the Marks, consumers throughout the United States have come to recognize the Marks as symbols of the services offered by Plaintiff Vantage under the Marks.

## THE FRANCHISE PROGRAM OFFERED BY VANTAGE

10. Plaintiff Vantage operates a franchise program under its "COUNTRY HEARTH INN" brand (the "Program") under which providers of hospitality services receive from Plaintiff Vantage a license to use the Marks in connection with hospitality services, as well as other benefits, in exchange for payments and compliance with other covenants, such as maintaining a certain level of quality of the hospitality accommodations offered in connection with the Marks.

11. Upon information and belief, in 2013, Defendants purchased a hotel property located at 831 S. Irby Street, Florence, South Carolina 29501 (the "Property").

12. After purchasing the Property, Defendants used the Marks, including displaying one or more of the Marks on signs in connection with offering and providing hospitality services at the Property.

13. Defendants were never granted a license to use the Marks.

14. Throughout late 2013 and until mid-2014, Plaintiff (through its predecessor) attempted to negotiate a license agreement with Defendants, but the parties were unable to come to an agreement.

4

15. By letter dated July 2, 2014, Plaintiff (through its predecessor) sent a letter (the "2014 Letter") to Defendants notifying Defendants of their unauthorized use of the Marks. The letter referenced that a license agreement between the parties "was never executed" and that Plaintiff's predecessor had been in "constant contact with [Defendant FLORENCE] to execute the License Agreement to no avail." The letter demanded that Defendants cease and desist from using Plaintiff's intellectual property and directed that Defendants de-identify the Property to ensure that it is no longer identified by the Marks. (See July 2, 2014 Letter, attached hereto as "Exhibit B.")

16. Thereafter, the parties continued discussions regarding a potential agreement to license Plaintiff's intellectual property, but ultimately failed to ever reach any such agreement.

17. Subsequently, Plaintiff Vantage Hospitality Group, Inc. acquired the intellectual property rights regarding the Program, including the Marks.

18. Indeed, on January 20, 2015 a member of Vantage's development team visited the property and conducted a text conversation with Defendant DESAI, indicating that Defendants' property had still not been properly de-identified:



The photo sent to Defendant DESAI evidences that signage on the Property clearly bears the Marks, and specifically U.S. Reg. No. 3,488,187, identified in Paragraph 7, above:



6

19. By letter dated February 16, 2015, Plaintiff again informed Defendants that it had become the exclusive worldwide licensee of the Marks and reiterated the demands made in the 2014 Letter, including that Defendants' use of the Marks was unauthorized and in violation of Plaintiff's intellectual property rights. (See February 16, 2015 Letter, attached hereto as "Exhibit C.")

20. Notwithstanding Plaintiff's continued demands, and the parties' failure to reach an agreement authorizing Defendants' use of the Marks, Defendants continued to use the Marks in connection with offering and providing hospitality services at the Property. In particular, Defendants continue to display one or more signs, furniture, or fixtures bearing the Marks at the Property without Plaintiff's authorization, and continue to answer the phone the phone identifying the Property as a Country Hearth Inn location.

21. Upon information and belief, Defendants operate the website http://countryhearthflorence.com/ (the "Website," a printout of which is attached hereto as "Exhibit D"). Defendants operate the Website without Plaintiff's authorization. In particular, the domain name of the Website uses the words "Country" and "Hearth" without Plaintiff's authorization. Additionally, text on the Website describes a "Country Hearth Inn of Florence" which "provides lodging," again, without Plaintiff's authorization.

22. Defendants' use of the Marks has caused or will likely cause confusion in the marketplace. Defendants' use of the Marks has caused or will likely cause confusion, mistake or deception with respect to the association of Defendants with Plaintiff, or as to the origin, sponsorship or approval of Defendants services by Plaintiff. Further, Defendants use of the Marks in commercial advertising and promotion misrepresents the nature, characteristics, qualities and origin of Defendants' services.

23. At all relevant times, Defendant DESAI has directly controlled the continued unauthorized use of the Marks by Defendant FLORENCE, and has directed, participated in, ratified, or otherwise assisted the unauthorized, and hence infringing, use of the Marks. As the active moving force behind Defendant FLORENCE's infringement, Defendant DESAI, individually, is jointly and severally liable for Defendant FLORENCE's infringement.

24. Plaintiff has been, and continues to be, injured by Defendants' unauthorized and unlawful use of the Marks. Defendants' use of the Marks has caused, and continues to cause, irreparable harm to Plaintiff and Plaintiff's goodwill and reputation under the Marks.

## COUNT I

## INFRINGEMENT OF FEDERALLY REGISTERED SERVICE MARKS
## (15 U.S.C. § 1114)

### (ALL DEFENDANTS)

25. Plaintiff repeats and realleges each of the allegations contained in Paragraphs 1 through 24 of this Complaint as if fully set forth herein.

26. Defendants have infringed Plaintiff's rights in the Marks in violation of 15 U.S.C. § 1114.

27. Given the notices provided to Defendants by Plaintiff, such activities are, and remain, with full knowledge of Plaintiff's rights, willful and intentional.

28. These willful and intentional acts of infringement have caused and are causing great and irreparable injury and damage to Plaintiff's business and goodwill and reputation in an amount that cannot be ascertained at this time and, unless restrained, will cause further irreparable injury and damage, leaving Plaintiff with no adequate remedy at law.

WHEREFORE, Plaintiff demands judgment against Defendants, jointly and severally, for the following:

(a)	a temporary and permanent injunction enjoining Defendants, their officers, directors, servants, agents, employees, attorneys and representatives, and each of them, and those parties acting in concert or participating with them, from using any more marks confusingly similar to the Marks in connection with the advertising or sale of their services;

(b)	an accounting of profits Defendants have wrongfully obtained from their use of the Marks, 15 U.S.C. § 1117(a);

(c)	compensatory damages, costs, and attorneys' fees, 15 U.S.C. § 1117(a); and

(d)	such other relief as this Court deems proper.

## COUNT II

## COUNTERFEITING OF FEDERALLY REGISTERED SERVICE MARKS
## (15 U.S.C. § 1114(1))

### (ALL DEFENDANTS)

29.	Plaintiff repeats and realleges each of the allegations contained in Paragraphs 1 through 24 of this Complaint as if fully set forth herein.

30.	This is an action for counterfeiting of a federally registered marks under 15 U.S.C. § 1114(1). Defendants' continued unauthorized use of the identical Marks constitutes counterfeiting as defined by 15 U.S.C. § 1116(d)(1)(B).

WHEREFORE, Plaintiff demands judgment against Defendants, jointly and severally, for the following:

(a)	a temporary and permanent injunction enjoining Defendants, their officers, directors, servants, agents, employees, attorneys and representatives, and each of them, and those parties acting in concert or participating with them, from using any more marks confusingly similar to the Marks in connection with the advertising or sale of their services;

(b) an accounting of profits Defendants have wrongfully obtained from their use of the Marks, 15 U.S.C. § 1117(a);

(c) compensatory damages, treble damages, costs, and attorneys' fees, 15 U.S.C. § 1117(a) and (b);

(d) statutory damages between $1,000 and $200,000 per counterfeit mark, and up to $2,000,000 per counterfeit mark for willful use, U.S.C. § 1117(a); and

(e) such other relief as this Court deems proper.

## COUNT III

## STATUTORY INFRINGEMENT OF SERVICE MARKS
## (15 U.S.C. § 1125)

### (ALL DEFENDANTS)

31. Plaintiff repeats and realleges each of the allegations contained in paragraphs 1 through 24 of this Complaint as if fully set forth herein.

32. This is an action for false designation of origin in violation of 15 U.S.C. § 1125(a). Defendants' use of the Marks constitutes a false designation of origin and/or false description or representation, which is likely to deceive consumers and prospective customers into believing that the Defendants' services originate from, or are licensed by, sanctioned by, sponsored by, or in some way affiliated with Plaintiff in violation of 15 U.S.C. § 1125(a).

WHEREFORE, Plaintiff demands judgment against Defendants, jointly and severally, for the following:

(a) a temporary and permanent injunction enjoining Defendants, their officers, servants, agents, employees, attorneys and representatives, and each of them, and those parties acting in concert or participating with them, from using any more marks confusingly similar to the Marks in connection with the advertising or sale of their services;

  (b) an accounting of profits Defendants have wrongfully obtained from their use of the Marks, 15 U.S.C. § 1117(a);

  (c) compensatory damages, costs, and attorneys' fees, 15 U.S.C. § 1117(a); and

  (d) such other relief as this Court deems proper.

## **JURY DEMAND**

Plaintiff hereby demands trial by jury on all issues so triable.

Dated: April 16, 2015                    Respectfully submitted,

                                                 By: s/ Moish E. Peltz
                                                 Steven I. Peretz (Fla. Bar No. 329037)
                                                 Moish E. Peltz (Fla. Bar No. 99611)
                                                 PERETZ CHESAL & HERRMANN, PL
                                                 2 S. Biscayne Blvd., Suite 3700
                                                 Miami, Florida 33131
                                                 Tel: 305-341-3000
                                                 Fax: 305-371-6807
                                                 speretz@pch-iplaw.com
                                                 mpeltz@pch-iplaw.com

                                                 *Counsel for Plaintiff Vantage Hospitality Group, Inc., a Florida corporation*